BENJAMIN L. T. BOURLAND

*v.*

GEORGE L. GIBSON *et al.*

*Filed at Springfield May 9, 1888.*

1. VENDOR AND PURCHASER—*whether conveyance should precede payment—failure of consideration.* The agent of the owner of a tract of land agreed to sell and convey the same to G., upon the latter giving his note for $2100, with security, payable one year after date, and another note of $4000, secured by deed of trust on the property, payable at a later date. The notes were made and delivered by G., payable to the agent, but no deed was ever made conveying the land to G., and suit was brought on the first note after its maturity: *Held,* that the undertaking in the note to pay was dependent upon the undertaking to convey, but the performance by the purchaser was to be subsequent to the conveyance, and that G. was under no obligation to demand a deed before he might refuse to pay the note, and that the facts constituted a total failure of consideration. In such case, it was the duty of the plaintiff to have executed and delivered the conveyance one year before he was entitled to payment of the first note.

2. INSTRUCTION—*must be based on some issue.* A plaintiff is not entitled to an instruction based upon a waiver of his performance of a condition precedent, when the pleadings present no such issue.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of De Witt county; the Hon. LYMAN LACEY, Judge, presiding.

This case was before this court in 1879, and is reported in 91 Ill. 471. Since then it has been four times in the Appellate Court for the Third District,—7 Bradw. 227, 13 Bradw. 352, 21 Bradw. 43, and 26 App. Court Rep. 416,—and reference need only be made to the printed volumes for statements of the case, as presented on these several occasions.

The case, as now presented, is this: Assumpsit is brought to recover the amount alleged to be due on a promissory note given by appellees to appellant. The following plea was pleaded: "That after the last pleading in this cause on July 1, 1878, said Patterson, by deed duly executed and delivered to one Farrell, sold and conveyed to said Farrell said homestead, and that said causes of action in said declaration mentioned are one and the same, to-wit, the supposed promissory note in the first count mentioned; and the defendants aver that the consideration of said note has wholly failed, in this, that before the execution of said note the plaintiff, as agent of Patterson, had purchased, at trustee's sale, said homestead of said Gibson for $6000, and had, as such agent, received a deed conveying the same to said Patterson, and said Gibson being desirous to re-purchase the same, on February 22, 1875, at Peoria, proposed to the plaintiff, as such agent, to re-purchase said homestead, and to give the plaintiff for the same his note for $2100, due in one year, with interest at ten per cent per annum, said note to be executed by Gibson as principal, and Snell as surety, and also to give said plaintiff, as agent of Patterson, his promissory note for $4000, secured by mortgage on said homestead, and that plaintiff, in consideration thereof, should then and there execute and deliver, or cause to be executed and delivered, a deed to Gibson, conveying to Gibson said homestead in fee simple, and that thereupon the plaintiff accepted said

proposition, and undertook and promised to make or cause to
be made said conveyance to Gibson, and defendants then and
there, in consideration thereof, executed and delivered to the
plaintiff the note in suit, and Gibson also executed the note
and mortgage aforesaid, and delivered the same to plaintiff,
which agreement aforesaid was and is the sole consideration
for said note, yet the plaintiff has wholly neglected and re-
fused, and still neglects and refuses, to execute and deliver,
or cause to be executed and delivered, said deed to Gibson,
although often requested so to do, but on the contrary, by the
conveyance by Patterson, of said homestead, to said Farrell,
said Patterson and the plaintiff have placed it beyond their
power to comply with their contract with the defendant Gibson,
by means whereof the consideration of said note has wholly
failed; and defendants aver that they are not informed and
did not know that plaintiff and Patterson had wholly disre-
garded the trust deed last given by said Gibson, and had con-
veyed said homestead by said Patterson to said Farrell, until
on or about the 1st day of May, 1882; and defendants further
aver that they have pleaded, in substance, the foregoing facts
at the August term of this court, but the same not being in
form, a demurrer was sustained to said plea, and leave was
then and there obtained to amend said plea and to file addi-
tional pleas; and the defendants now come and file this
amended plea.　And this the defendants are ready to verify,"
etc.　The circuit court held this was a plea *puis darrein contin-
uance*, and, as such, sustained a demurrer to it; but this ruling
was reversed in 13 Bradw. *supra*, the Appellate Court there
holding that it was not a plea *puis darrein continuance*, but a
simple plea of failure of consideration, and, as such, sufficient.

The first replication filed to this plea is: "Plaintiff says
*precludi non*, because he says that the said note was not given
and delivered to the plaintiff in consideration that plaintiff
would deliver to defendant Gibson the deed in said plea men-
tioned, on the delivery to him of said note,"—and to this the

*similiter* was added. Subsequently plaintiff, by leave, filed an additional replication, thus: "The plaintiff, by leave of the court first had and obtained, for further replication to the plea of the defendants filed herein on November 24, 1882, says *precludi non,* because he says that he did not and has not refused to execute and deliver, or to cause to be executed and delivered, to said Gibson, the deed in said plea mentioned, as in said plea alleged," etc. The court sustained a demurrer to this replication, but plaintiff elected to stand by the replication and refused to plead over.

The jury, on the trial, returned a verdict for the defendant, upon which the court gave judgment, and that judgment, on appeal, was affirmed by the Appellate Court.

Messrs. MOORE & WARNER, for the appellant:

Until demand of conveyance, and neglect or refusal to execute the same, there can not be said to be any failure of the consideration. *Lough* v. *Bragg,* 18 Minn. 121; *Willets* v. *Burgess,* 34 Ill. 494; *Gage* v. *Lewis,* 68 id. 604; *Foster* v. *Jared,* 12 id. 451; *Sage* v. *Raney,* 2 Wend. 532; *Duncan* v. *Jeter,* 5 Ala. 604; *Giles* v. *Williams,* 3 id. 316.

Mr. JAMES S. EWING, for the appellees:

There was no error in sustaining the demurrer to appellant's additional replication. The cases cited are where a deed was made which failed to convey the title to the proper tract. In those cases the defendant had the covenants of warranty upon which to rely.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The principal question arising upon this record is, whether the trial court erred in sustaining a demurrer to the second replication.

The substance of the plea is, that the sole consideration of this note, and of another note executed by Gibson at the

same time, for $4000, is, that plaintiff would, when the notes were delivered to him, execute and deliver a deed conveying the described property in fee to Gibson, and that the deed was not executed and delivered. Assuming the contract to be as pleaded, plaintiff undertook to execute and deliver the deed to Gibson on the 22d day of February, 1875, and, to pay him therefor, Gibson and Snell agreed to pay him $2100 on the 22d day of February, 1876, and Gibson agreed to pay him the further sum of $4000 on the 22d of February, 1879,—in other words, the $2100 was to be paid for the execution and delivery of a deed which was to be executed and delivered one year before the payment was to be made. The undertaking to pay was dependent upon the undertaking to convey, but its performance was to be subsequent. It is true, the burden is upon the defendants to prove their plea. But if the agreement as alleged be proved, there is no obligation upon them to prove a demand for the execution and delivery of the deed, for, as has been seen, under that alleged agreement the duty was upon the plaintiff to execute and deliver the deed one year before he was entitled to demand payment of the note. This, therefore, is not like the cases cited, where the deed is executed but the title fails. Here, Gibson has nothing, and he is sought to be coerced to make a payment which he was not to make until one year after the delivery of a deed which has not been executed and delivered, and which was the sole consideration for his undertaking to make payment. The agreement, in fact, may have been different, but for the present question we must accept it as alleged. Plainly, then, it was immaterial that plaintiff had not refused to execute the deed. That did not meet the plea. If the agreement was as alleged, then it only remained to show performance,—that is, that he had executed and delivered the deed,—or some excuse for non-performance, as, a waiver, etc., neither of which was alleged. Bishop on Contracts, sec. 1434.

The first instruction asked by the plaintiff, and refused by the court, embodied the idea of the second replication, and was therefore properly refused. The instructions relating to a waiver were properly refused, because no issue in that respect was presented by the pleadings.

It is objected that the court improperly admitted evidence of what was said to Snell, in the absence of the plaintiff, to induce him to sign the note. But the court excluded all of the answer of the witness, in this respect, except that he told Snell what the contract was with the plaintiff. Snell was entitled, certainly, to know that, and it could not prejudice plaintiff, therefore, that it was communicated to him. The instructions, as given, presented the law upon the issues raised by the pleadings with sufficient fullness and accuracy. The great contest in the lower courts was one of fact.

We can not say that there was no evidence tending to support the conclusion reached, and we must, therefore, in the view of the law we have expressed, affirm the judgment, which we accordingly do.

*Judgment affirmed.*